UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COREY EVAN ROBESON,

    Petitioner,

v.

WARDEN MICHAEL J. HARRIS, et al.,

    Respondents.

Civ. No. 22-1943 (RBK)

OPINION

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, Petitioner's habeas petition is summarily dismissed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Much of the factual and procedural background giving rise to this case is recited by the United States District Court for the Northern District of Texas which handled Petitioner's underlying federal criminal case and his subsequent § 2255 proceeding. That court noted as follows:

> In 2018, Robeson pled guilty to conspiring to possess with intent to distribute a controlled substance and was sentenced to 210 months' imprisonment. *United States v. Robeson*, No. 3:18-CR-6-D-52, Crim. Doc. 831 (N.D. Tex. October 18, 2018), *appeal dismissed*, No. 18-11421, Crim. Doc. 1354 (5th Cir. May 23, 2019). On February 14, 2020, Robeson timely filed his § 2255 motion, asserting generally (1) three claims of ineffective assistance of counsel (IAC), (2) prosecutorial misconduct, and (3) bias and prejudice at sentencing. Doc. 1 at 4-10. The Court twice granted time to file a brief in support and, when Robeson failed to do so, recommended that the § 2255 motion be summarily dismissed as vague, conclusory, and meritless. Doc. 10.

> The following day, Robeson filed a motion to amend his § 2255 motion, raising new IAC claims related to his guilty plea proceedings and the voluntariness of his guilty plea. Doc. 11; Doc. 12 (Am./Suppl. § 2255 Mot.). The Court thus withdrew its *Findings, Conclusions and Recommendation*, granted leave to amend, and ordered a response. Doc. 14. The Government subsequently filed a response opposing § 2255 relief and arguing that the new IAC claims were time barred and the remaining claims contained in both the original and supplemental motion failed on the merits. Robeson did not file a reply.

*Robeson v. United States*, No. 3:18-CR-6-D-52, 2021 WL 6339552, at *1 (N.D. Tex. Nov. 18, 2021), *report and recommendation adopted*, 2022 WL 93933 (N.D. Tex. Jan. 10, 2022).

On November 18, 2021, the Magistrate Judge recommended denying Petitioner's § 2255 motion. *See Robeson*, 2021 WL 6339552, at *6. Subsequently, in January 2022, the District Judge adopted the Magistrate Judge's report and recommendation and denied a certificate of appealability. *See Robeson*, 2022 WL 93933, at *1.

In April 2022, Petitioner filed his § 2241 habeas petition in this Court. Petitioner challenges two sentencing enhancements; namely: (1) possessing of a firearm during a drug trafficking crime; and (2) maintaining a premises as a stash house. Additionally, Petitioner states he was denied a fair plea colloquy hearing when the District Judge failed to inform him of the pled charge and that counsel was ineffective by failing to make lawful challenges to the facts for which Petitioner was charged.

### III.   LEGAL STANDARD FOR *SUA SPONTE* SCREENING

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512

U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

IV.     DISCUSSION

Petitioner challenges his conviction and sentence under 28 U.S.C. § 2241. Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538. "The provision exists to ensure that

3

petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over this habeas petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Petitioner's first two claims argue he is actually innocent of sentencing enhancements applied by the District Court. These claims, however, do not fall within the *Dorsainvil* exception because they argue that Petitioner is actually innocent of a sentencing enhancement, as opposed to being actually innocent of the crimes for which he was convicted. *See, e.g.*, *Younge v. Warden Fort Dix, FCI*, 592 F. App'x 69, 70 (3d Cir. 2015) (noting that a § 2241 habeas petition cannot be used to challenge sentencing enhancements that could have been pursued on direct appeal);

*United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012); *Maher v. Fed. Bureau of Prisons*, No. 18-2348, 2018 WL 2095594, at *2 (D.N.J. May 7, 2018) (citing cases).

Petitioner's remaining two claims assert that he was denied due process at his plea colloquy because the District Judge did not properly inform him of the charges and that counsel was ineffective for failing to make legal challenges to the charged facts. Both claims fail to fall within the narrow *Dorsainvil* exception to permit Petitioner to proceed with this § 2241 action. Neither of these to challenges claim Petitioner is actually innocent *as a result of a retroactive change* in substantive criminal law that negates the criminality of his conduct for which he had no other opportunity to review. Thus, this Court lacks jurisdiction over Petitioner's § 2241 habeas petition.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. This Court finds it is not in the interest of justice to transfer this action to the Fifth Circuit. Nevertheless, nothing in this opinion prevents Petitioner from filing a motion in the Fifth Circuit seeking authorization to file a second or successive § 2555 motion should he elect to do so.

V.   **CONCLUSION**

For the foregoing reasons, Petitioner's habeas petition is summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.

DATED: June 13, 2022                                        s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge